11 F.3d 1071
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Ethel H. BUSSEY, Petitioner,
v.
MERIT SYSTEMS PROTECTION BOARD, Respondent.
 No. 93-3345.
 United States Court of Appeals, Federal Circuit.
 Oct. 18, 1993.
 
 Before MICHEL, LOURIE, and SCHALL, Circuit Judges.
 DECISION
 PER CURIAM.
 
 
 1
 Ethel H. Bussey petitions for review of the December 18, 1992 decision of the Administrative Judge (AJ) in Merit Systems Protection Board (Board) Docket No. AT-0831-93-0100-I-1. The AJ's decision became the final decision of the Board when Ms. Bussey's petition for review was denied on April 9, 1993. In his decision, the AJ dismissed Ms. Bussey's appeal as untimely filed. We affirm.
 
 DISCUSSION
 
 2
 By letter dated October 13, 1992, the Office of Personnel Management (OPM) dismissed as moot Ms. Bussey's application for disability retirement. OPM informed Ms. Bussey of her right to file an appeal with the Board within 25 days after the date of the letter. On November 14, 1992, Ms. Bussey filed an appeal with the Board's Atlanta Regional Office. In his decision dismissing the appeal as untimely filed, the AJ found that Ms. Bussey had filed her appeal five days after the filing deadline and that she had failed to show good cause for the delay in filing.
 
 
 3
 This Court's standard of review of Board decisions is narrowly defined by statute. We must affirm the decision unless it is (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. Sec. 7703(c) (1988).
 
 
 4
 The Board may waive the deadline for filing an appeal if a petitioner shows good cause for the untimely filing. See 5 C.F.R. Secs. 1201.22(c), 1201.12 (1993). To establish good cause, the petitioner must show that, under the circumstances of the case, he/she exercised diligence or ordinary prudence. Mendoza v. Merit Systems Protection Board, 966 F.2d 650, 653 (Fed.Cir.1992). Whether the regulatory time limit should be waived for good cause is a matter within the Board's discretion, and this court will not substitute its own judgment for that of the Board. Id. at 653.
 
 
 5
 In this case, Ms. Bussey did not explain how her stress, depression, and prescribed medications prevented her from timely filing an appeal with the Board. Moreover, the AJ pointed out that despite Ms. Bussey's asserted problems, the medical evidence failed to describe the severity or duration of her condition, or the manner in which the condition affected her ability to file a timely appeal. Thus, we cannot say that the Board abused its discretion or that its decision is not supported by substantial evidence.